IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ABBEY FARKAS, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:13-cv-926 |
| Plaintiff, | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo |
| v. | ) | Lenihan |
| | ) | |
| RICH COAST CORP., *et al.*, | ) | |
| | ) | ECF No. 35 |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER ON MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 35) of the Court's Memorandum Order dated 1/17/14 (ECF No. 33) ("Memorandum Order"), wherein she requests that (1) the Memorandum Order be vacated, (2) Plaintiff's Petition to Dismiss Defendants' Motion to Transfer Venue and to Strike All Defendants' Pleadings Relating to Transfer for Improper Venue and *Forum Non Conveniens* (ECF No. 29) be granted, (3) "the unethical conduct be referred to the Chief Judge filings be stricken from the record," and (4) the professional misconduct be referred to the Chief Judge pursuant to LCvR 83.3. (ECF No. 35 at 12.) In the alternative, Plaintiff requests that the Memorandum Order be certified for interlocutory review with the U.S. Court of Appeals for the Third Circuit. (*Id.*) For the reasons discussed below, Plaintiff's motions will be denied.

Defendants have filed Motions to Transfer Venue under Rule 12(b)(3) and Motions to Dismiss pursuant to Rule 12(b)(6) (ECF Nos. 11 & 13), which are currently pending. On October 29, 2013, the Court held an evidentiary hearing and heard testimony on the issues raised

1

in the motions to transfer venue. Thereafter, the Court ordered the parties to address the appropriateness of transfer pursuant to 28 U.S.C. §1404(a) in supplemental briefs, and Plaintiff and the Ufemas Defendants complied. On December 23, 2013, Plaintiff filed a Petition to Dismiss Defendants' Motion to Transfer Venue and to Strike All Defendants' Pleadings Relating to Transfer for Improper Venue and *Forum Non Conveniens,* a Request to Refer the Report of Unethical Conduct to the Chief Judge Pursuant to LcvR 83.3, and a Request for Hearing (ECF No. 29) ("Petition"). Defendants filed Responses (ECF Nos. 31 & 32) to Plaintiff's Petition. On January 17, 2014, this Court issued the Memorandum Order denying Plaintiff's Petition.

Apparently dissatisfied with that disposition, Plaintiff's counsel then filed with the Clerk of Court a Report of Professional Misconduct directed to the Chief Judge (ECF No. 34), to which he attached the Petition, requesting that she hold a brief hearing or conference regarding the undersigned's denial of his request to refer his allegations of professional misconduct to the Chief Judge. Plaintiff's counsel also asked that this civil action be stayed pending a disposition from the Chief Judge. On January 27, 2014, the Chief Judge entered a remark on the docket, indicating that the parties consented to a magistrate judge for all proceedings and as such, Judge Lenihan retains the sole authority for taking any action with respect to this matter. The Chief Judge further remarked:

> Appeals from Judge Lenihan's orders are properly addressed, at the appropriate time, to the Court of Appeals for the Third Circuit. Although this court's local rules vest the Chief Judge with the discretion to refer allegations of attorney misconduct to disciplinary counsel for investigation, that discretion is only to be exercised if misconduct or allegations of misconduct which, if substantiated, would warrant discipline come to the attention of a District Judge or Magistrate Judge of this Court. LCvR 83.3(B)(1). Judge Lenihan found that the matters raised by Attorney Richman were in the nature of a dispute about the interpretation of the evidence and specifically concluded that Attorney Richman's

> allegations would not warrant discipline because Attorneys Snook and Cahillane made no misrepresentations of fact to the court, and did not defraud or distract the court. (ECF No. 33 at 2.) The Local Rules do not provide for an appeal of any judicial determination to the Chief Judge, including this or any determination about a Rule 11 motion. Even if misconduct occurred, the Chief Judge could not order any relief in the case; the Chief Judge's only authority is to refer the attorney whose conduct is questioned to disciplinary counsel. Cf. In re Memorandum of Decision of Judicial Conference of the United States Committee on Judicial Conduct and Disability, 517 F.3d 558, 561 (U.S. Jud. Conf. 2008) (stating that judicial misconduct procedure is not designed as a substitute for, or supplement to, appeals or motions for reconsideration, and that disagreement about a merits-based decision is not grounds for a judicial misconduct hearing). The Chief Judge, nevertheless, reviewed the record and finds no basis on which to disregard Judge Lenihan's informed assessment of the matter and institute an investigation. The Chief Judge has no authority to enter orders in this case, but will note Attorney Richman's letter, filed as a motion at ECF No. 34, would be terminated if it had been filed at a miscellaneous case number and assigned to the Chief Judge. The Chief Judge finds insufficient grounds based upon a review of the record to warrant referring this matter to disciplinary counsel.

Remark entered on 1/27/14 at Civ. A. No. 2:13-cv-926.

Plaintiff has now filed a Motion for Reconsideration (ECF No. 35) of this Court's Memorandum Order, to which the Ufemas have filed a Response (ECF No. 37), and Plaintiff has filed a Reply (ECF No. 40). Plaintiff has also filed a Motion to Disqualify the undersigned and/or a Motion for Recusal (ECF No. 39).[1]

The United States Court of Appeals for the Third Circuit has instructed that "'[t]he purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Moreover,

---

[1] This motion will be addressed in a separate memorandum order.

evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Harsco Corp.*, 779 F.2d at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.,* 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in controlling law, (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assurance Ass'n, LTD.*, 158 F. Supp.2d 565, 577-78 (E.D. Pa. 2001) (quoting *Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr.*, Civ. A. 96-121, Civ. A. 96-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997) (citing *Corrigan v. Methodist Hosp.*, 885 F. Supp. 127, 127 (E.D. Pa. 1995))) (other citation omitted). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Philadephia, Inc.*, No. Civ. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (citing *Vaidya v. Xerox Corp.*, No. Civ. A. 97-547, 1997 WL 732464, at *2 (E.D.Pa. Nov. 25, 1997)).

In the case at bar, Plaintiff asks the Court to reconsider the Memorandum Order on the third ground—to correct both errors of law and fact and to prevent manifest injustice. A litigant who bases her motion to reconsider upon that ground is cautioned to evaluate whether the perceived clear error of law is in reality just a point of disagreement between the court and the litigant. *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa. 1994) (citation

omitted). In addition, a Rule 59(e) motion[2] may not be employed to reargue matters already decided by the court. *Id.* at 314 (citation omitted); *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008) (citing 11 C. Wright & A. Miller, FED. PRACTICE & PROCEDURE § 2810.1, pp. 127-28 (2d ed. 1995)). Granting a motion for reconsideration is an extraordinary remedy, and therefore, is done sparingly. *D'Angio,* 56 F.Supp. 2d at 504 (citing *NL Indus. v. Commercial Union Ins.,* 935 F.Supp. 513 (D.N.J. 1996) (other citation omitted)).

Plaintiff's motion for reconsideration fails to raise any new meritorious issues. Plaintiff submits that "several significant unsupported and/or erroneous contentions [ ] comprise and support the Memorandum Order which fails to conform to the Local Rules, most especially LCvR 83.3(B)(1), as well as causes manifest injustice through its factual determinations rendered before discovery has begun and when testimony on the same was precluded." Mot. for Recons. at ¶4 (footnote omitted). As to the second half of this argument, Plaintiff has erroneously concluded that the Court has made factual determinations on the merits of her claims. First, the Court has yet to issue its ruling on Defendants' motions to transfer venue, as the Court's time has been consumed, inter alia, with ruling on the numerous unmeritorious motions filed by Plaintiff on ancillary matters (ECF Nos. 29, 34, 35, and 38). Second, when the Court does issue its ruling on the motions to transfer venue, the Court will make findings of fact as to the motions to transfer venue only, not on the merits of her claims, which will be based on the testimony at the

---

[2] Federal Rule of Civil Procedure 59(e) applies only to final judgments and is technically inapplicable to Plaintiff's motion for reconsideration. Instead, Fed. R. Civ. P. 60(b) applies to motions filed in response to nonfinal orders as well as judgments. The United States Court of Appeals for the Third Circuit, however, has indicated that the two rules "are substantively interchangeable." *Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010). Because Plaintiff argues that the Court committed legal error rather than "mistake, inadvertence, surprise, or excusable neglect," the function of Plaintiff's motion is more closely related to Rule 59(e). *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

5

evidentiary hearing, as well as affidavits and other evidence submitted in support of and in opposition to the venue motions.³

Moreover, one of the issues raised in the motions to transfer venue is whether the Defendants' contacts with the forum are sufficiently continuous and substantial to confer general personal jurisdiction over the Defendants in the Western District. Defendants maintain that the evidence of record shows that their contacts with the forum are not continuous and substantial. Plaintiff obviously disagrees with Defendants' position, but that does not show or suggest that Defendants have made misrepresentations of fact to the Court. Rather, it is for the Court to decide if the evidence of record supports Defendants' position. In any event, Plaintiff's argument is premature because this Court has yet to issue her ruling on Defendants' motions to transfer venue. Accordingly, since the Court has not made any factual determinations, Plaintiff could not have suffered any manifest injustice or irreparable prejudice.

Plaintiff's argument in paragraph 7 of her motion for reconsideration is not supported by the cited testimony and incorrectly concludes that the Court's statement that Rich Coast is owned by the father of one of the Defendants is derived from defense counsel's representation. *See* Hrg. Tr. at 34, 84 (ECF No. 24); Aff. of Lance W. Ufema at ¶2 (ECF No. 13-2). As to the Court's statement that "most of the facts at issue in this case involve interactions among the Plaintiff and the Ufemas/Group 13 Productions", the Court was not making a finding of fact, but indeed, was noting there were facts *at issue*. In any event, Plaintiff's own pleadings support the Court's statement.

Plaintiff's arguments in paragraphs 8 through 23 of her motion for reconsideration go to

---

³ Plaintiff had an opportunity to submit testimony and cross-examine Defendants' witnesses at the evidentiary hearing, as well as introduce into evidence her affidavit and exhibits.

the issues raised in Defendants' motions to transfer venue, which have not yet been ruled on by the Court. Therefore, it is inappropriate and premature to raise these arguments in a motion for reconsideration.

Finally, Plaintiff's remaining arguments set forth in paragraphs 24 through 27 of her motion for reconsideration attempt to rehash those previously asserted in her Petition, and appear to be nothing more than a point of disagreement with the Court's ruling in the Memorandum Order. This too is an inappropriate use of a motion for reconsideration. The Court has already set forth the reasons for denying those arguments in the Memorandum Order, and it sees no reason to revisit those issues here.

As Plaintiff has failed to raise any new meritorious bases to support reconsideration and vacation of Court's Memorandum Order, the Court will deny the motion for reconsideration for the reasons set forth above.

In the alternative, Plaintiff asks that in the event the Court denies her motion for reconsideration, the Court certify its Memorandum Order for interlocutory review to the United States Court of Appeals for the Third Circuit. The standard for certifying an interlocutory appeal is set forth in 28 U.S.C. §1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

Thus, in order to grant a motion to certify a non-final order for interlocutory appeal, the district court must certify that the order in question "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed

immediately 'materially advance[s] the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974). The decision to certify an order for interlocutory appeal lies within the sound discretion of the district court; however, certification should be granted only in exceptional circumstances. *Piazza v. Major League Baseball,* 836 F.Supp. 269, 270 (E.D.Pa. 1993) (citing *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1112 (E.D.Pa. 1992); *Link v. Mercedes-Benz of N. Am.,* 550 F.2d 860, 863 (3d Cir. 1977)).

Here Plaintiff has failed to provide any argument or basis to show that the three criteria for certification have been met. Indeed, Plaintiff has provided no argument at all. As such, Plaintiff's motion to certify the Memorandum Order for interlocutory appeal is clearly baseless and meritless. Therefore, the Court will deny that motion.

Accordingly, the Court enters the following Order:

**AND NOW**, this 11th day of February, 2014, in consideration of Plaintiff's Motion for Reconsideration or, in the alternative, Motion to Certify the Memorandum Order for Interlocutory Review (ECF No. 35) and briefs in support, and the response thereto, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 35) is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify the Memorandum Order for Interlocutory Review is also **DENIED.**

BY THE COURT:

/s Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All Counsel of record
*Via Electronic Mail*