IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBEY FARKAS, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   Civil Action No. 2:13-cv-00926-LPL |
|    v. | ) |
| | )   Chief Magistrate Judge Lisa Pupo |
| RICH COAST CORPORATION, JULIE O. | )   Lenihan |
| UFEMA and LANCE J. UFEMA d/b/a | ) |
| GROUP 13 PRODUCTIONS, | )   ECF No. 39 |
| | ) |
|    Defendants. | |

## MEMORANDUM ORDER ON PLAINTIFF'S MOTION
## FOR JUDICIAL DISQUALIFICATION

LENIHAN, Chief M.J.

Currently before the Court for disposition is Plaintiff's Motion for Judicial Disqualification (ECF No. 39). Section 455 (a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In a lengthy motion, Plaintiff requests that the undersigned disqualify herself because there is a "strong *appearance* of partiality such that *actual* bias may reasonably be inferred." ECF No. 39 p.2 ¶4. Plaintiff apparently believes that inside this Magistrate Judge's "heart and mind" (*Id.*) there exists some bias either against the Plaintiff or in favor of the Defendants. Nothing could be further from the truth.

To analyze this motion, the Court looks to the opinion of the United States Supreme Court in *Liteky v. United States*, 510 U.S. 540 (1994). In that case, the Supreme Court found that the acts and statements of the district judge did not show bias and prejudice and did not require recusal. In *Liteky*, petitioner alleged that during the trial the judge "displayed 'impatience, disregard for the defense and animosity'" toward one of the petitioners (defendants in the

underlying trial). The judge allegedly did a number of things including stating at the outset of the trial that its purpose was to try a criminal case and not to provide a political forum, limiting cross-examination, questioning witnesses, cautioning defense counsel and similarly admonishing witnesses to keep answers responsive to actual questions. The judge also admonished one of the petitioners that closing argument was not a time for "'making a speech' in a 'political forum'" and interrupting the closing argument of another petitioner. 510 U.S. at 542. The district judge denied petitioner's disqualification motion on the grounds that "matters arising from judicial proceedings were not a proper basis for recusal." *Id.* at 543. The U.S. Court of Appeals for the Eleventh Circuit affirmed the convictions and agreed with the district court that "matters arising out of the course of judicial proceedings are not a proper basis for recusal." 973 F.2d 910 (11th Cir. 1992) (citations omitted). The Supreme Court granted certiorari.

The Supreme Court observed in *Liteky*:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed toward a defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in these court-house dramas called trials, he could never render decisions." *In re J.P. Linehan, Inc.*, 138 F.2d 650, 654 (CA2 1943).

*Liteky,* 510 U.S. at 550-51.

"The standard for recusal is whether an objective observer reasonably might question the judge's impartiality." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). The Supreme Court has said that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 1043 (citing *Liteky*, 510 U.S. at 555). The

2

moving party "must show that those rulings and remarks 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *In re Shimer*, 215 F. App'x 149, 150 (3d Cir. 2007) (citing *Liteky*, 510 U.S. at 555). The Third Circuit has stated that "a judge's consistent pattern of ruling against a party could be entirely justified for that party might consistently be taking positions that cannot be supported." *Mass. Sch. of Law,* 107 F.3d at 1043.

In Plaintiff's motion, she argues that the proceedings thus far show strong evidence of impartiality. In support of this, Plaintiff cites to rulings that the Court made against her and comments which Plaintiff believes show that the Court agrees with Defendants.[1] Plaintiff reports that the Court stated at the outset of the hearing on the Motion to Transfer that she "was not entirely convinced that there is venue in this district." The undersigned did indeed make this statement as it is her duty to determine if in fact venue exists. This does not indicate bias, or even an opinion as to the parties, but an indication of the Court's opinion on the applicable law and the ultimate ruling that the Court must make.[2]

Plaintiff argues that the Court accepted facts averred by Defendants as true. The Court has a pending motion before it and held an evidentiary hearing as to the issue of venue. It is the Court's responsibility to make factual determinations in order to rule on the pending motions. If Plaintiff is not satisfied with the ultimate ruling the Court makes as to venue, her remedy is to file an appeal with the Third Circuit, not to try to force the Court to assign the case to another

---

[1] Plaintiff makes a number of allegations of impartiality which the Court does not believe warrant a response. For example, in paragraph 30, Plaintiff argues that the undersigned has practiced "legal defense" her "entire career" and is therefore generally biased in favor of defendants.

[2] The Court is, frankly, offended that it is placed in a position of defending its impartiality but feels required to state that, until Attorney Hunt entered his appearance recently, the undersigned had never met any of the parties or counsel in this case and has no predisposition toward or against any of them. She served as Co-Chair of the Gender Equality Task Force of the ACBA with Mr. Hunt from 2006 to 2009.

judge who might make rulings that are more favorable to Plaintiff.

Applying the standards set forth above, the Court finds that there is no basis for disqualification or recusal in this matter. Therefore,

**IT IS HEREBY ORDERED,** this 11th day of February, 2014, that Plaintiff's Motion for Judicial Disqualification (ECF No. 39) is **DENIED**.

BY THE COURT:

/s Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*